UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Dorian L. Hill,                                    Case No. 1:17-cv-02596

    Petitioner

v.                                                 MEMORANDUM OPINION
                                                   AND ORDER

L. Eppinger,

    Respondent


**BACKGROUND AND HISTORY**

*Pro se* Petitioner Dorian L. Hill filed the above-captioned Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. Petitioner is incarcerated in the Grafton Correctional Institution, having been convicted in Cuyahoga County in 1988 for aggravated murder with specifications, kidnaping with specifications, and aggravated robbery with specifications. He was originally sentenced to death; however, the Ohio Eighth District Court of Appeals upheld his conviction but vacated his death sentence and remanded his case to the Common Pleas Court for resentencing. The trial court on remand sentenced him to fifty years to life in prison in 1991. Twenty six years later, Petitioner filed this Petition asserting that the trial court lacked subject matter jurisdiction to convict him because the state did not initiate his criminal prosecution by filing a complaint. He

contends his conviction is void on its face and he should immediately be released from custody. For the reasons set forth below, the Petition is denied and this action is dismissed.

Petitioner was indicted on charges of kidnaping, aggravated robbery, and aggravated murder. *See State of Ohio v. Hill*, Case No. CR-88-226126-ZA (Cuyahoga Cty Ct. Comm. Pl. Nov. 21, 1988). Petitioner kidnaped Alex Lesko in his car as Lesko was leaving work with cash receipts for the day. Lesko's car was located one-fifth of a mile from Petitioner's home and his body was recovered one-half mile from the car. *Id.* Lesko was killed with Petitioner's gun which was found in Petitioner's apartment. *Id.* The jury returned a guilty verdict on all counts and recommended the death penalty. *Id.* He was sentenced to death by the trial judge on November 30, 1988.

Petitioner appealed his conviction and sentence to the Ohio Eighth District Court of Appeals in December 1988. He asserted thirteen assignments of error which are not pertinent to this Petition. The Appellate Court upheld his conviction on November 6, 1991, but vacated his death sentence and remanded the case for resentencing. *Id.* Pursuant to the mandate, the trial court sentenced Petitioner in September 1994 to thirty years to life on count one, ten to twenty-five years on count two and ten to twenty-five years on count three, each to be served consecutively to his sentences on the other counts, for an aggregate total sentence of fifty years to life in prison. He did not attempt to appeal that decision until April 23, 1999. His appeal was dismissed as untimely. He also attempted to file a Motion for Relief from Judgment under Ohio Civil Procedure Rule 60(b). That Motion was denied on February 28, 2000.

More than seventeen years later, Petitioner filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 alleging the State of Ohio did not file a criminal complaint to initiate his prosecution and asserting that everything filed without a complaint is void. He contends the state skipped the complaint proceeding resulting in a denial of due process and a void judgment. He

also alleges his trial transcripts were damaged in a fire at the Justice Center in 1989, qualifying as newly discovered evidence. Petitioner contends he is entitled to immediate release from prison.

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, was signed into law on April 24, 1996, and applies to Habeas Corpus Petitions filed after that effective date. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997); *see Woodford v. Garceau*, 538 U.S. 202, 210 (2003); *Barker v. Yukins*, 199 F.3d 867, 871 (6th Cir. 1999). The AEDPA was enacted "to reduce delays in the execution of state and federal criminal sentences, and 'to further the principles of comity, finality, and federalism.'" *Woodford*, 538 U.S. at 206 (citing *Williams v. Taylor*, 529 U.S. 362, 436 (2000)). Consistent with this goal, when reviewing an application for a Writ of Habeas Corpus by a person in custody pursuant to the judgment of a state court, a determination of a factual issue made by a state court shall be presumed to be correct. *Wilkins v. Timmerman-Cooper*, 512 F.3d 768, 774-76 (6th Cir. 2008).

The Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). A federal court, therefore, may not grant habeas relief on any claim that was adjudicated on the merits in any state court unless the adjudication of the claim either: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); *Wilkins*, 512 F.3d 768, 774 - 76 (6th Cir. 2008).

A decision is contrary to clearly established law under §2254(d)(1) when it is "diametrically different, opposite in character or nature, or mutually opposed" to federal law as determined by the

Supreme Court of the United States. *Williams v. Taylor*, 529 U.S. 362, 405 (2000). In order to have an "unreasonable application of ... clearly established federal law," the state court decision must be "objectively unreasonable," not merely erroneous or incorrect. *Id.* at 409. Furthermore, it must be contrary to holdings of the Supreme Court, as opposed to dicta. *Id.* at 415.

A state court's determination of fact will be unreasonable under § 2254(d)(2) only if it represents a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528-29 (2003). In other words, a state court's determination of facts is unreasonable if its findings conflict with clear and convincing evidence to the contrary. *Id.* "This standard requires the federal courts to give considerable deference to state-court decisions." *Ferensic v. Birkett*, 501 F.3d 469, 472 (6th Cir. 2007). AEDPA essentially requires federal courts to leave a state court judgment alone unless the judgment in place is "based on an error grave enough to be called 'unreasonable.'" *Herbert v. Billy*, 160 F.3d 1131, 1135 (6th Cir. 1998).

**Procedural Barriers to Habeas Review**

Before I can review the merits of a Petition for a Writ of Habeas Corpus, Petitioner must overcome several procedural hurdles. Specifically, he must surmount the barriers of exhaustion, procedural default, and time limitation.

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a Petition for a Writ of Habeas Corpus. 28 U.S.C. § 2254(b) and (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

4

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g., Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414.

Specifically, in determining whether a Petitioner "fairly presented" a federal constitutional claim to the state courts, courts should consider whether the Petitioner (1) phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) relied upon federal cases employing the constitutional analysis in question; (3) relied upon state cases employing the federal constitutional analysis in question; or (4) alleged "facts well within the mainstream of [the pertinent] constitutional law." *See Hicks v. Straub,* 377 F.3d 538, 553 (6th Cir. 2004) (quoting *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000)).

For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). It cannot rest on a legal theory which is separate and distinct from the one previously considered and rejected in state court. *Id.* This does not mean that the applicant must recite "chapter and verse" of constitutional law, but the applicant is required to make a specific showing of the alleged claim. *Wagner,* 581 F.3d at 414.

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address because the Petitioner did not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, the state judgment is not based on a resolution of federal constitutional law, but instead "rests on independent and adequate state

5

procedural grounds." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). A claim may be procedurally defaulted if the Petitioners fails "to obtain consideration of a claim by a state court, either due to the Petitioner's failure to raise that claim before the state courts while state-court remedies are still available or due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim." *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) (quoting *Seymour v. Walker*, 224 F.3d 542, 549-50 (6th Cir. 2000)). A claim that is procedurally defaulted in state court will not be reviewed by a federal habeas court unless a Petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751.

Simply stated, I may review only federal claims that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

In addition, I cannot reach the merits of Habeas Petition filed after the expiration of the statute of limitations period. AEDPA's one-year statute of limitations period runs from the latest of the date of which the judgment became final by the conclusion of direct review, the date on which the time for seeking direct review expired, or the date on which the impediment to filing an application created by the state was removed. 28 U.S.C. § 2244(d)(1). If a Petitioner's conviction became final before AEDPA took effect, the federal limitations period began to run on AEDPA's effective date, April 24, 1996, giving the Petitioner one year from that date (in the absence of tolling) to file a federal Habeas Petition. *Carey v. Saffold*, 536 U.S. 214, 217 (2002). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the

6

pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2)

## DISCUSSION

As an initial matter, there is no indication that Petitioner asserted this ground for relief in the state courts. He indicates in his Petition that he did not raise it in the state courts on direct appeal in 1988 or after his resentencing in 1991. Furthermore, he has no remedy available to him to raise these claims. His attempt to file a delayed appeal five years after his resentencing was denied by the Ohio Appellate Court. His claims are procedurally defaulted and he offers no cause for his twenty-seven year delay in raising them. Furthermore, his habeas petition is also filed well beyond the expiration of the AEDPA one-year statute of limitations. His conviction became final before AEDPA was enacted, making it due on April 24, 1997. He filed this action on December 13, 2017.

Even if Petitioner had timely filed this Petition and exhausted his state court remedies, or demonstrated cause or prejudice to excuse his procedural default, his claims are not cognizable in a federal Habeas Corpus Petition. Whether a criminal action is properly invoked by an indictment or a criminal complaint is a matter of Ohio criminal procedure law, not federal constitutional law. State prisoners are entitled to federal habeas corpus relief only when they are in "custody" due to violations of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a).

As such, to the extent a Petitioner's argument is based upon state law, he fails to state a claim upon which habeas corpus relief may be granted unless the issue concerning an error in state law is so egregious that Petitioner was denied a fundamentally fair trial. *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990); *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991). The Supreme Court has defined "very narrowly; the category of infractions that violates 'fundamental fairness.' " *Bey v. Bagley,* 500 F.3d 514, 522 (6th Cir. 2007) (quoting *Dowling v. U.S.,* 493 U.S. 342 (1990)). Here, Plaintiff was indicted by a grand jury on the charges prior to his arraignment. He was represented by counsel. There is no

suggestion in the Petition that Petitioner was denied fundamental fairness at trial because he was charged with an indictment as opposed to a criminal complaint. This is purely a matter of state law, and is not redressable through the federal habeas process. *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Greer*, 264 F.3d at 675; *Hutchison v. Marshall*, 744 F.2d 44, 46-47 (6th Cir. 1984).

## Conclusion

For all the foregoing reasons, the Petition (Doc. No. 1) is denied and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

So Ordered.

                                                   s/ Jeffrey J. Helmick
                                                   United States District Judge